IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02401-PSF-MJW

BRIAN R. SHAFER,

    Plaintiff,

v.

HECTOR A. RIOS, JR., Warden, USP Florence;
DR. POLLAND, Clinical Dir., USP Florence; and
SCOTT MEAD, Health Administrator, USP Florence,

    Defendants.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION
DATED DECEMBER 5, 2006**

---

This matter comes before the Court on the Recommendation of the Magistrate Judge entered December 5, 2006 (Dkt. # 65) in which he recommended denying plaintiff's Motion for Summary Judgment (Dkt. # 12) and granting defendants' Motion to Dismiss (Dkt. # 52). Plaintiff filed his Objections to the Recommendation on December 26, 2006 (Dkt. # 66). The matter is ripe for determination by the Court.

**BACKGROUND**

As the Magistrate Judge correctly states, plaintiff's *pro se* complaint filed November 28, 2005 (Dkt. # 3) and his *pro se* Amended Complaint filed March 17, 2006 (Dkt. # 25), essentially allege that while he was confined at FCI Florence between March 17, 2005 and the time of filing of his complaint, Defendant Hector Rios, Jr., the warden of FCI Florence acting in his official and individual capacities, Defendant

Scott Mead, the health administrator at the prison acting in his individual capacity, and Dr. Calvin Polland, a doctor at the facility acting in his official and individual capacities, violated his Eight Amendment right to be free of cruel and unusual punishment by acting with deliberate indifference to his medical needs. The Recommendation details the various medical treatments about which plaintiff complains he received, or did not receive, which need not be detailed here. The Magistrate Judge sufficiently summarizes the plaintiff's claims as follows:

> Plaintiff alleges deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, based upon: (1) Mead's failure to effect proper and adequate medical treatment and evaluation of plaintiff's seizure disorder and his knowledge that plaintiff had no intention or willingness to start new medications to control his seizures; (2) Dr. Polland's failure to provide adequate and proper medical treatment, evaluation, and medication without risking further serious injury or harm, as well as making false statements, in regard to plaintiff's seizure disorder; and (3) Rios' failure to correct the unconstitutional acts of Dr. Polland and Mead.

Recommendation at 5. The Amended Complaint seeks declaratory and injunctive relief, compensatory damages against each individual defendant for physical and emotional injuries, and punitive damages against each defendant (Dkt. # 25 at 6-7).

**PENDING MOTIONS**

On January 31, 2006, prior to the filing of his Amended Complaint and before defendants were served, plaintiff filed a motion for summary judgment asserting that his action "meets the obective [sic] and subjective prong of deliberate indifference set forth by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976)." (Dkt. # 12 at 1).

On July 21, 2006, defendants filed their motion to dismiss all of plaintiff's claims against all defendants asserting that: (1) plaintiff's claims against Defendants Rios and Mead in their official capacities are barred by sovereign immunity; (2) plaintiff has failed to exhaust his administrative remedies; (3) defendants are entitled to qualified immunity as plaintiff has failed to demonstrate that they have been deliberately indifferent to his care; and (4) Defendants Rios may not be held vicariously liable for the actions of his subordinates (Dkt. # 52).

**MAGISTRATE JUDGE'S RECOMMENDATION**

The Magistrate Judge recommends that plaintiff's motion for summary judgment be denied as plaintiff has not provided any admissible evidence to establish the factual basis for his allegations, and has failed to show that he is entitled to judgment as a matter of law (Recommendation at 8).

The Magistrate Judge further recommends that defendant's motion to dismiss be granted on several grounds. First, he recommends that the claims for damages brought against Defendants Rios and Polland in their official capacities be dismissed for the reason that federal employees sued in their official capacities are immune from a *Bivens* suit such as this (Recommendation at 10-11). Second, he recommends that plaintiff's claims for declaratory and injunctive relief be denied because plaintiff has been released from FCI Florence and therefore the requested relief would have no effect on defendants' prospective behavior, rendering these claims moot (*id.* at 11). Third, he recommends dismissal of the damages claims brought against Defendant Rios because plaintiff failed to exhaust his administrative remedies as required by the

Prison Reform Litigation Act, 42 U.S.C. §1997e(a) (*id.* at 16).  Finally, he recommends dismissal of the remaining claims on the grounds that plaintiff has failed to state a claim for deliberate indifference under the Eight Amendment.  Citing to numerous decisions of the Tenth Circuit, the Magistrate Judge essentially found that a complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment" citing to *Estelle, supra*, 429 U.S. at 105-06 (Recommendation at 18).

**PLAINTIFF'S OBJECTION**

Although it is captioned "Specific Objections" to the recommendations, plaintiff's filing does not comply with Rule 72(b), F.R.Civ.P., by setting forth specific objections to the Recommendation of the Magistrate Judge so as to require *de novo* review by this Court of those portions of the Recommendation "as to which specific written objection has been made."  Rather, plaintiff's objections are a rambling discourse complaining of the judicial system, urging the appointment of counsel for plaintiff in this civil case, recommending modification of the Sixth Amendment to provide for counsel in civil cases, and alleging unspecified acts of "fraud" by Bureau of Prison officials (Dkt. # 66 at 1-6).  Nonetheless, this Court has reviewed the Recommendation of the Magistrate Judge on a *de novo* basis, and makes the following rulings.

**ANALYSIS**

The Court accepts the Recommendation of the Magistrate Judge that the defendants' motion to dismiss should be granted for the four reasons set forth in the Recommendation.  It is clear that federal officials may not be sued in their official

capacities for damages.  *See Hill v. Pugh*, 2003 WL 22100960 at ** 3 (10th Cir., Sept. 11, 2003) citing *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).  Moreover, an action for injunctive or declaratory relief may not be maintained unless there is a substantial likelihood of the plaintiff being injured in the future from the conduct sought to be enjoined.  *See Smith v. Torres* 2006 WL 2621666 *4 (D. Colo., Sept. 12, 2006) (citing *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1990)).  Here the alleged inadequate medical treatment of plaintiff by defendants is not likely to occur again as plaintiff has been released.

Similarly, there is no question that exhaustion of administrative remedies is required prior to the bringing of a damages suit such as this, and plaintiff did not exhaust his administrative remedies as against Defendant Rios.

Finally, the Court agrees with the Magistrate Judge that while plaintiff's Amended Complaint alleges a variety of mistreatment, misdiagnosis, purported negligence and medical malpractice by Dr. Polland, such allegations do not support a claim for violation of the Eighth Amendment.  To cite but some of the cases noted by the Magistrate Judge, a complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Estelle, supra*, 429 U.S. at 106.  "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.), *cert. denied*, 127 S.Ct. 131 (2006).  Of course, in the event of alleged negligence a plaintiff would have the right to bring a medical malpractice case against the physician under the

5

Federal Torts Claims Act.  *See e.g. Goines v. Pugh*, 2005 WL 2822460 (10th Cir., October 28, 2005).  But his allegations here do not rise to the level of a constitutional violation and therefore his Amended Complaint must be dismissed.

**CONCLUSION**

For the reasons stated above, the Court accepts the Recommendation of the Magistrate Judge (Dkt. # 65).

Defendants' Motion to Dismiss (Dkt. # 52) is GRANTED.

Plaintiff's Motion for Summary Judgment (Dkt. # 12) is DENIED.

The Clerk of the Court is directed to enter judgment in accordance with this Order.

DATED: January 22, 2007

                                      BY THE COURT:

                                      *s/ Phillip S. Figa*
                                      _____
                                      Phillip S. Figa
                                      United States District Judge